**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Darcy L. Ibach, Esq. (to be admitted *pro hac vice*)
550 West Adams Street – Suite 300
Chicago, Illinois 60661
(312) 345-1718 telephone
(312) 345-1778 facsimile
darcy.ibach@lewisbrisbois.com

-and-

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Alexander G. Henlin (NJ Attorney ID No. 002362005)
One International Place – 3rd Floor
Boston, Massachusetts 02110
(857) 313-3950 telephone
(857) 313-3951 facsimile
alexander.henlin@lewisbrisbois.com

*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| The Hanover Insurance Company, | Docket No. 16 Civ. _____ |
| Plaintiff, | |
| vs. | |
| RetroFitness LLC, Z Times Three LLC d/b/a Retro Fitness of Kenilworth, Britcarianna, LLC d/b/a RetroFitness-Fairfield; PJ's Fitness Express, Inc., d/b/a RetroFitness of Bordentown, PRJ Holdings, LLC d/b/a RetroFitness of Wall; Joseph Ardino; Samantha Ardino; Krista A. Defazio; Scott Richter; James Heaney; Phillip Mazzucco; and ABC Financial Services Company, | **VERIFIED COMPLAINT FOR DECLARATORY RELIEF** |
| Defendants. | |

Plaintiff, The Hanover Insurance Company (hereinafter, "Hanover"), for its Complaint

against Defendants  RetroFitness LLC; Z Times Three LLC d/b/a RetroFitness of Kenilworth;

Britcarianna, LLC d/b/a RetroFitness-Fairfield;  PJ's Fitness Express, Inc., d/b/a RetroFitness of

Bordentown;  PRJ Holdings, LLC d/b/a RetroFitness of Wall; Joseph Ardino; Samantha Ardino; Krista A. Defazio; Scott Richter; James Heaney; Phillip Mazzucco; and ABC Financial Services Company, alleges that:

## THE PARTIES

1.      Plaintiff Hanover is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business located at 440 Lincoln Street, Worcester, Massachusetts 01653.

2.      Defendant RetroFitness LLC ("RetroFitness") is a Delaware limited liability company with its principal place of business at 43 County Road 537 West, Colts Neck, New Jersey 07722, which sells RetroFitness health club franchises.

3.      Defendant Z Times Three LLC d/b/a RetroFitness of Kenilworth ("Kenilworth") is a domestic business with an office located at 30 Windfall Lane, Marlboro, New Jersey 07746, which owned and operated a RetroFitness health club franchise located at 505 North Michigan Avenue, Kenilworth, New Jersey.

4.      Defendant Britcarianna, LLC d/b/a RetroFitness-Fairfield ("Fairfield") is a domestic business with an office located at 10 Kingsbridge Road, #5, Fairfield, New Jersey 07004, which owned and operated at RetroFitness health club franchise located at 10 Kingsbridge Road, #5, Fairfield, New Jersey 07004.

5.      Defendant PJ's Fitness Express, Inc., d/b/a RetroFitness of Bordentown ("Bordentown") is a domestic business with an office located at 860 U.S. Highway Route 206, Bordentown, New Jersey 08505, which owned and operated a RetroFitness health club franchise located at 860 U.S. Highway Route 206, Bordentown, New Jersey.

6.      Defendant PRJ Holdings, LLC d/b/a RetroFitness of Wall ("Wall") is a domestic

business with an office located at 2101 Atlantic Avenue, Manasquan, New Jersey 08736, which owned and operated a RetroFitness health club franchise located at 2101 Atlantic Avenue, Manasquan, New Jersey 08736.[1]

7.      Defendant Joseph Ardino is a natural person and a resident of the County of Union, State of New Jersey and a nominal defendant from whom no relief is sought.  Upon information and belief, he resides at 475 Ragland Drive, Roselle Park, New Jersey 07204-2417.

8.      Defendant Samantha Ardino is a natural person and a resident of the County of Union, State of New Jersey and a nominal defendant from whom no relief is sought.  Upon information and belief, she resides at 475 Ragland Drive, Roselle Park, New Jersey 07204-2417.

9.      Defendant Krista A. Defazio is a natural person and a resident of the County of Burlington, State of New Jersey and a nominal defendant from whom no relief is sought.  Upon information and belief, she is represented by Joseph K. Jones, Esq., who maintains a law office at 375 Passaic Avenue, Suite 100, Fairfield, New Jersey 07004.

10.     Defendant Scott Richter is a natural person and a resident of the County of Burlington, State of New Jersey and a nominal defendant from whom no relief is sought.  Upon information and belief, he resides at 3 Greenview Drive, Chesterfield, New Jersey 08515.

11.     Defendant James Heaney is a natural person and a resident of the County of Monmouth, State of New Jersey and a nominal defendant from whom no relief is sought.  Upon information and belief, he resides at 537 Main Street, Manasquan, New Jersey 08736.

---

[1] Collectively, RetroFitness, Kenilworth, Fairfield, Bordentown and Wall are referred to as the "RetroFitness Defendants".

12.     Defendant Phillip Mazzucco[2] is a natural person and a resident of the County of Monmouth, State of New Jersey and a nominal defendant from whom no relief is sought.  Upon information and belief, he resides at 62 Driftwood Drive, Brick, New Jersey 08723-5806.

13.     Defendant ABC Financial Services is a foreign corporation with offices in Sherwood, Arkansas and a nominal defendant from whom no relief is sought.  Upon information and belief, it maintains a place of business at 8320 Arkansas Highway 107, Sherwood, Arkansas 72120.

14.     The dispute in this action involves a claim by the RetroFitness Defendants for insurance benefits arising out of an Underlying Lawsuit filed by Joseph Ardino, Samantha Ardino, Krista Defazio, Scott Richter, James Heaney and Phillip Mazzucco, and others similarly situated, against various Defendants, including RetroFitness, Kenilworth, Fairfield, Bordentown, and Wall, in the Superior Court of the State of New Jersey, Middlesex County.

15.     In the Underlying Lawsuit, the Plaintiffs are seeking damages for themselves and certification of a Class and two Sub-Classes.  The Class is defined as all persons who at any time on or after six years prior to the filing of the Original Complaint (i.e. January 17, 2008) enrolled in a health club membership at any RetroFitness health club in New Jersey; Sub-Class #1 is defined as all members of the Class who paid an annual rate guarantee fee or similar charge; and Sub-Class #2 is defined as all members of the Class who cancelled or attempted to cancel their Membership Agreement, and who were charged additional monthly payments and/or an annual rate guarantee fee after the cancellation date.

## JURISDICTION & VENUE

-----------------------

[2] Collectively, Defendants, Joseph Ardino, Samantha Ardino, Krista Defazio, Scott Richter, James Heaney and Phillip Mazzucco are referred to as the "Underlying Plaintiffs".

16.     Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs. The Underlying Plaintiffs seek statutory damages of up to $100 per each putative class member, as well as treble damages and attorneys fees.

17.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this claim arose in this district, including that the Hanover Policies were delivered in this district and that the insured, RetroFitness, is located in this district.

## UNDERLYING LAWSUIT

18.     On or about April 30, 2013, Joseph Ardino, Samantha Ardino, and Krista DeFazio filed a *Verified Complaint* in the Superior Court of the State of New Jersey, Essex County, Case No. ESX-L-3429-13 (the "Essex County Action"), against RetroFitness, LLC; Z Times Three LLC d/b/a RetroFitness of Kenilworth; John Does 1-25; RetroFitness Fairfield; and Jane Does 1-25.  A true and correct copy of that complaint is annexed hereto as **Exhibit A.**

19.     On June 24, 2013, Joseph Ardino, Samantha Ardino and Krista DeFazio filed a *First Amended Complaint* in the Essex County Action.  Captioned as a "First Amended Verified Class Action Complaint and Demand for Jury Trial," it pled three causes of action: (i) for violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*., including violations of the Health Club Services Act, N.J.S.A. 56:8-39 *et seq*.; (ii) for violations of the Retail Installment Sales Act, N.J.S.A. 17:16C-1, *et seq*.; and (iii) for violations of the Truth in Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14, *et seq*.  A true and correct copy of the *First Amended Complaint* is annexed hereto as **Exhibit B.**

20.     On October 4, 2013, the Essex County Superior Court dismissed the *First Amended Complaint* without prejudice and struck the class allegations with prejudice.

21.     On December 6, 2013, the Essex County Superior Court issued an *Order* on a *Motion for Reconsideration*, striking the class allegations without prejudice and advising the Underlying Plaintiffs to either file a *Second Amended Complaint* to cure the pleading defects or cease the suit.

22.     On January 16, 2014, the Underlying Plaintiffs filed a new complaint in the Superior Court of the State of New Jersey, Middlesex County, Case No. MID-L-362-14. Identified as Plaintiffs in the Middlesex County action were Joseph Ardino, Samantha Ardino, Krista Defazio, Scott Richter, James Heaney and Phillip Mazucco.  Named as Defendants were Retrofittness, ABC Financial Services Co., Z Three Times LLC d/b/a RetroFitness of Kenilworth, Britcarianna LLC d/b/a RetroFitness Fairfield, PJ's Fitness Express Inc. d/b/a/ RetroFitness of Bordentown, PRJ Holdings LLC d/b/a RetroFitness of Wall, John/Jane Does 1-100, Defendant RetroFitness Franchises 1-75, and XYZ corporations 1-10.  A true and correct copy of the Middlesex County complaint is annexed hereto as **Exhibit C** ("Underlying Lawsuit Complaint").

23.     The Underlying Lawsuit Complaint alleges violations of (i) the New Jersey Consumer Fraud Act ("CFA"); (ii) the New Jersey Retail Installment Sales Act ("RISA"); (iii) the New Jersey Health Club Services Act ("HCSA"); and (iv) the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA").

24.     The Underlying Plaintiffs assert a violation of the TCCWNA on behalf of the Class, and allege that the RetroFitness Defendants have violated the TCCWNA by using membership agreements that state some of the provisions contained therein "are subject to

applicable law" without specifying which provisions are or are not void, unenforceable or inapplicable under New Jersey law, and violate the other statutes cited in the Underlying Complaint.  As a result of the alleged violations, the Underlying Plaintiffs and those similarly situated seek statutory damages of not less than $100 for each of the RetroFitness Defendants' TCCWNA violations appearing on the face of its standard membership agreement, as provided by N.J.S.A. 56:12-17.

25.    Count Two of the Underlying Lawsuit Complaint alleges violation of the the RISA and the CFA on behalf of Sub-Class #1.  The Underlying Plaintiffs allege that the RetroFitness Defendants violated RISA by using membership agreements that contain acceleration clauses for immediate payment upon late payment or default; provisions that require assessment of a "service fee" for insufficient funds "or any other reason"; and provisions that increase the amount of monthly dues to the extent an electronic funds transfer payment is stopped or changed.  The Underlying Plaintiffs also allege that the RetroFitness Defendants have violated RISA and the CFA by misrepresenting customers' payment obligations and charging fees that are prohibited by RISA.

26.    Count Three of the Underlying Lawsuit Complaint alleges violation of the HCSA and the CFA on behalf of Sub-Class #2.  The Underlying Plaintiffs allege that the RetroFitness Defendants have violated the HCSA by using membership agreements that obligate their customers to automatically and perpetually renew their contracts by imposing unreasonable and unduly onerous requirements to cancel their health club memberships; fail to conspicuously state their customers' total payment obligations for the health and club services to be received; and fail to state that a bond, irrevocable letter of credit or securities, moneys or other security is filed and deposited with the Director of the Division of Consumer Affairs to protect customers who

are damaged or suffer any loss by reason of breach of contract or bankruptcy.

27.    The Underlying Plaintiffs go on to allege that the RetroFitness Defendants violated the CFA through the use of cancellation policies and billing practices that have the primary effect of discouraging and impeding their customers from cancelling what are otherwise perpetual and automatically self-renewing memberships.  The Underlying Plaintiffs also allege that the RetroFitness Defendants have violated the HCSA and the CFA by charging unconscionable cancellation penalties in the form of excessive monthly membership fees and annual rate guarantee fees to customers who have cancelled their health club memberships.

28.    For relief, the Underlying Plaintiffs seek certification of the proposed class, declaratory judgment for violation of the TCCWNA, RISA, CFA and HCSA; injunctive relief enjoining the RetroFitness Defendants from violating those statutes; equitable relief for the RetroFitness Defendants' accounting regarding rates and fees for the various class members; statutory damages under the TCCWNA and treble damages under the CFA; attorneys fees; costs; and pre and post-judgment interest.

## **TENDER OF CLAIM TO HANOVER**

29.    Hanover was notified of the original *Complaint* in the Essex County Action in April 2013.  In May 2013, RetroFitness formally tendered its defense to, and demanded indemnification from, Hanover under Miscellaneous Professional Liability Insurance Policy No. LH4 8902745 02, a claims-made-and-reported policy that was in force over the period from October 10, 2012, through October 10, 2013.  Hanover accepted the defense of the RetroFitness Defendants under a reservation of rights and acceded to RetroFitness' choice of independent counsel.

30.    The Retrofitness Defendants did not specifically tender to Hanover the

Underlying Lawsuit Complaint that was filed in Middlesex County in January 2014. The Underlying Lawsuit Complaint was brought by additional new plaintiffs, Scott Richter, James Heaney and Phillip Mazzucco against RetroFitness, Kenilworth, Fairfield, Bordentown and Wall.

## HANOVER POLICIES

31.     Hanover issued RetroFitness, LLC, a claims-made-and-reported Miscellaneous Professional Liability Policy, No. LH4 8902745 02, with a policy period of October 10, 2012 to October 10, 2013 (the "2012 Hanover Policy"). The Limit of Liability for that policy is $2,000,000 for each Claim, not to exceed $2,000,000 for all "Claims" in the aggregate, subject to a deductible of $15,000 and a retroactive date of October 10, 2008. A true and correct copy of the 2012 Hanover Policy is annexed hereto as **Exhibit D.**

32.     Hanover issued RetroFitness, LLC, a claims-made-and-reported Miscellaneous Professional Liability Policy, No. LH4 8902745 03, with a policy period of October 10, 2013 to October 10, 2014 (the "2013 Hanover Policy"). The Limit of Liability for that policy is $2,000,000 for each Claim, not to exceed $2,000,000 for all "Claims" in the aggregate, subject to a deductible of $15,000 and a retroactive date of October 10, 2008. A true and correct copy of the 2013 Hanover Policy is annexed hereto as **Exhibit E.** For ease of reference, the 2012 Hanover Policy and the 2013 Hanover Policy shall hereinafter be referred to collectively as the "Hanover Policies".

33.     The Hanover Policies contain the following insuring agreement:

A.      **COVERAGE – WHAT THIS POLICY INSURES**

       1.      Professional Services Coverage

           **We** will pay on **your** behalf those sums which **you** become legally obligated to pay as **damages** and **claim expenses** because of any **claim** made against **you** arising

from a **wrongful act** in the rendering or failure to render **professional services** by **you**.

The following additional requirements and limitations shall apply to coverage provided under **A.1** above and **A.3.** and **A.4.** below:

a.  The **wrongful act** must have first occurred on or after the applicable **retroactive date(s);**

b.  **You** had no knowledge of facts which could have reasonably caused **you** to foresee a **claim**, or any knowledge of the **claim**, prior to the effective date of this **policy**; and,

c.  The **claim** must first be made and reported to us in writing during the **policy period** or any **extended reporting period**, if applicable, and must arise from any **wrongful act** to which this **policy** applies.

34.  The Policies define **wrongful act** and **wrongful acts** "as any actual or alleged negligent act, error, omission, or misstatement committed in **your professional services**".

35.  The Policies define "professional services" as those services described in Item **6.** of the Declarations which **you** perform for others for a fee. Item 6 of the Declarations is described as "FRANCHISOR OF RETRO FITNESS HEALTH CLUBS".

36.  The Policies define "**Damages**" as:

**Damages** means monetary judgments, awards or settlements unless otherwise excluded. **Damages** includes (i) pre-judgment interest; and (ii) post judgment interest that accrues after entry of judgment and before we have paid, offered to pay or deposited in court that part of judgment within the applicable limit of liability.

**Damages** also means punitive or exemplary damages or the multiple portions thereof, if insurable under the applicable law of the jurisdiction most favorable to the insurability of such damages provided such jurisdiction is where:

1.  Those **damages** were awarded or imposed; or

2.  Any **wrongful act** occurred for which such damages were awarded or imposed;

3.      The named insured resides, is incorporated or has its principal place of business; or

4.      We are incorporated or have our principal place of business.

Damages do not include any costs or expenses in complying with any demand for or award of equitable relief, even if such compliance is compelled as a result of a judgment, award or settlement.

37.     The Policies define "**Equitable relief**" as:

**Equitable relief** means a remedy not involving the payment of monetary damages.

38.     The Hanover Policies contain the following exclusion:

**E.      EXCLUSIONS – WHAT THIS POLICY DOES NOT INSURE**

This **policy** does not apply to **claim(s)**

**1.**      Cased [*sic- Based*] upon, arising out of, or in any way relating directly or indirectly to any **insured**:

   **a)**      Committing any intentional, dishonest or fraudulent act or omission; or

   **b)**      Gaining any profit, remuneration or advantage to which such **insured** was not legally entitled,

provided that this exclusion will not apply until a final adjudication establishes **a)** or **b)** above;

*** 

**3.**      For the return, restitution or reduction of professional fees or arising from any demand for **equitable relief;**

*** 

**11.**      Arising out of false advertising, misrepresentation in advertising, antitrust, unfair competition, restraint of trade, unfair or deceptive business practices, including but not limited to, violations of any local, state or federal consumer protection laws;

***

15.     Arising out of disputes involving:

    a)    **Your** fees or charges, including over-charges, or cost over-runs;

    b)    Collecting **your** fees from third parties;

    c)    The return of fees or other compensation paid to **you**; or

    d)    **Your** cost of correcting or re-performing or completing any **professional services**;

16.     Arising out of **your** advising, requiring, obtaining or failing to advise, require or obtain any bond, suretyship or other form of insurance;

## COUNT I
### (Declaratory Judgment – Insuring Agreement – Wrongful Acts)

39.     Hanover hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

40.     In order for the Insuring Agreement of the Hanover Policies to grant coverage for the Underlying Lawsuit, each claim must be for Wrongful Acts committed in the rendering or failure to render Professional Services after the October 10, 2008, retroactive date against an Insured, as those terms are defined in the Hanover Policies.

41.     The Underlying Lawsuit Complaint does not allege any acts on the part of the RetroFitness Defendants that constitute Wrongful Acts under the Hanover Policies, because the alleged acts do not arise out of Professional Services, which is defined as any negligent act, error, omission, or misstatement committed in your services as "FRANCHISOR OF RETRO FITNESS HEALTH CLUBS".

42.     The RetroFitness Defendants have demanded that Hanover defend and indemnify them against the Underlying Lawsuit.  Hanover contends that it has no obligation to defend or indemnify the RetroFitness Defendants against the Underlying Lawsuit.  As a result, an actual controversy exists between Hanover, on the one hand, and the RetroFitness Defendants, on the

other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring that: (1) Hanover has no duty to defend or indemnify any Insured in connection with the Underlying Lawsuit; (2) the RetroFitness Defendants are obliged to reimburse Hanover for any payments made in connection with the Underlying Lawsuit to the extent permitted by law; and (3) granting Hanover any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

## COUNT II
### (Declaratory Judgment – Insuring Agreement – Legally Obligated to Pay)

43.     Hanover hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

44.     In order for the Insuring Agreement of the Hanover Policies to grant coverage for the Underlying Lawsuit, an Insured must become legally obligated to pay Damages and Claim Expense.

45.     This Insuring Agreement limits coverage to tort damages and does not provide coverage for damages resulting from statutory violations.

46.     Counts I, II, and III of the Underlying Lawsuit Complaint assert claims for statutory violations.

47.     The RetroFitness Defendants have demanded that Hanover defend and indemnify them against the Underlying Lawsuit.  Hanover contends that it has no obligation to defend or indemnify the RetroFitness Defendants against the Underlying Lawsuit, as no insured is or will

become legally obligated to pay Damages and Claim Expenses, as those terms are defined by the Hanover Policies.  As a result, an actual controversy exists between Hanover, on the one hand, and the RetroFitness Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring that: (1) Hanover has no duty to defend or indemnify any Insured in connection with the Underlying Lawsuit; (2) the RetroFitness Defendants are obliged to reimburse Hanover for any payments made in connection with the Underlying Lawsuit to the extent permitted by law; and (3) granting Hanover any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

<u>**COUNT III**</u>
**(Declaratory Judgment - Insuring Agreement - Damages)**

48.     Hanover hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

49.     The damages sought against the RetroFitness Defendants in the Underlying Lawsuit do not come within the Hanover Policies' definition of Damages.  The Hanover Policies' specifically exclude coverage for punitive or exemplary damages, as well as damages that are uninsurable under the law pursuant to which the Hanover Policies shall be construed. One may not insure against the risk of being ordered to return money or property that has been wrongfully acquired and, therefore, the return of the sums sought by the Underlying Plaintiffs do not constitute covered Damages under the Hanover Policies.

50.     The RetroFitness Defendants have demanded that Hanover defend and indemnify them against the Underlying Lawsuit.  Hanover contends that it has no obligation to defend or indemnify the RetroFitness Defendants against the Underlying Lawsuit.  As a result, an actual controversy exists between Hanover, on the one hand, and the RetroFitness Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring that: (1) Hanover has no duty to defend or indemnify any Insured in connection with the Underlying Lawsuit; (2) the RetroFitness Defendants are obliged to reimburse Hanover for any payments made in connection with the Underlying Lawsuit to the extent permitted by law; and (3) granting Hanover any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

<u>**COUNT IV**</u>
**(Exclusion 11 – No Duty to Defend or Indemnify For Statutory Violations)**

51.     Hanover hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

52.     Exclusion 11 applies if the claim arises out of liability for unfair or deceptive business practices, including but not limited to, violations of any local, state or federal consumer protection laws.

53.     Exclusion 11 applies to preclude any actual or potential coverage under the Hanover Policies.

54.     As the Underlying Lawsuit Complaint asserts only violations of four state

consumer protection laws that are designed to prohibit unfair and deceptive business practices against a consumer, Hanover has no duty to defend or indemnify the RetroFitness Defendants in connection with the Underlying Lawsuit, based on Exclusion 11.

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring that: (1) Hanover has no duty to defend or indemnify any Insured in connection with the Underlying Lawsuit; (2) the RetroFitness Defendants are obliged to reimburse Hanover for any payments made in connection with the Underlying Lawsuit to the extent permitted by law; and (3) granting Hanover any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

### COUNT V
**(Exclusions 3 and 15 – No Duty to Defend or Indemnify Claims for Equitable Relief and Over-Charges)**

55.     Hanover hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

56.     Exclusions 3 and 15 apply if the claim arises out of liability for the return, restitution or reduction of professional fees or arising from any demand for equitable relief or the insured's fees or charges, including over-charges.

57.     Exclusions 3 and 15 apply to preclude any actual or potential coverage under the Hanover Policies to the claims for equitable relief and for the return of fees as a result of membership cancellation and overcharges.

58.     Hanover has no duty to defend or indemnify the RetroFitness Defendants in connection with the Underlying Lawsuit's claims for equitable relief and for the return of over-charges, based on Exclusions 3 and 15.

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring that: (1) Hanover has no duty to defend or indemnify any Insured in connection with the Underlying Lawsuit; (2) the RetroFitness Defendants are obliged to reimburse Hanover for any payments made in connection with the Underlying Lawsuit to the extent permitted by law; and (3) granting Hanover any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

**COUNT VI**
**(Exclusion 16 – No Duty to Defend or Indemnify Claims for bond or other security)**

59.     Hanover hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

60.     Exclusion 16 applies to allegations that the RetroFitness Defendant violated HCSA by using membership agreements that failed to state "that a 'bond,' or other security was filed or deposited with the Director of the Division of Consumer Affairs to protect consumers who are damaged or suffer any loss by reason of breach of contract or bankruptcy."

61.     Exclusion 16 applies to preclude any actual or potential coverage under the Hanover Policies for the failure to obtain bonds or securities.

62.     Hanover has no duty to defend or indemnify the RetroFitness Defendants in connection with the Underlying Lawsuit claims for relief based on the failure to obtain bonds and securities, based on Exclusion 16.

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring that: (1) Hanover has no duty to defend or indemnify any Insured in connection with the Underlying Lawsuit; (2) the RetroFitness Defendants are obliged to reimburse Hanover for any payments made in connection

with the Underlying Lawsuit to the extent permitted by law; and (3) granting Hanover any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

**COUNT VII**
**(Retroactive Date)**

63.    Hanover incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

64.    The Hanover Policies' Declarations Page, at Item 5, reflects that the Retroactive Date for coverage is October 10, 2008.

65.    The Class Period is alleged to include members affected by alleged wrongful acts by the Defendants that occurred from January 17, 2008, to October 10. 2008.

66.    The Retroactive Date of the Policies precludes coverage for any Wrongful Acts that may have been committed prior to October 10, 2008.

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring that: (1) Hanover has no duty to defend or indemnify any Insured in connection with the Underlying Lawsuit for Wrongful Acts committed prior to October 10, 2008; (2) the RetroFitness Defendants are obliged to reimburse Hanover for any payments made in connection with the Underlying Lawsuit to the extent permitted by law; and (3) granting Hanover any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

**Count VIII**
**(Dishonest Act or Gain of Any Profit or Remuneration to Which Insured Not Entitled)**

67.    Hanover incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

68.     Exclusion 1 applies if there is an adjudication that the tendered claim was for dishonest acts and/or the insured received a gain or remuneration to which it was not entitled.

69.     To the extent that it is adjudicated at trial in the Underlying Lawsuit that the RetroFitness Defendants acted dishonestly and/or received a gain or remuneration for which they were not entitled, the Hanover Policies will not afford any indemnity for such claims and damages.

**WHEREFORE**, Plaintiff, The Hanover Insurance Company, prays that this Honorable Court enter judgment in its favor and against Defendants and declaring that: (1) Hanover has no duty to defend or indemnify any Insured in connection with the Underlying Lawsuit; (2) the RetroFitness Defendants are obliged to reimburse Hanover for any payments made in connection with the Underlying Lawsuit to the extent permitted by law; and (3) granting Hanover any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

LEWIS BRISBOIS BISGAARD & SMITH LLP

Dated: March 30, 2016

By:     s/ Alexander G. Henlin
        Alexander G. Henlin, Esq.
        NJ Attorney ID No. 002362005
        One International Place – 3rd Floor
        Boston, Massachusetts 02110
        (857) 313-3950 telephone
        (857) 313-3951 facsimile
        alexander.henlin@lewisbrisbois.com

        *Attorneys for the Plaintiff*

## VERIFICATION

I, Marilyn L. Obsorne, being of full age, do hereby certify as follows:

1.     I am a Specialty Claims Consultant at The Hanover Insurance Group.  I am authorized to make this certification on behalf of The Hanover Insurance Company, the plaintiff herein.

2.     I have read the foregoing *Verified Complaint* together with the exhibits annexed hereto.  I am familiar with all of the matters set forth herein.  I know that the allegations contained herein are true based upon the documents that I have read in the ordinary course of business and my own personal knowledge, except where it is indicated that an allegation is made upon information and belief.

3.     I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Marilyn L. Osborne

Dated: March 30, 2016

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to *Local Civil Rule* 11.2, I hereby certify that, to the best of counsel's knowledge, only the following action which may relate to the subject matter and claims herein asserted is presently pending: On or about January 16, 2014, Joseph Ardino, Samantha Ardino, Krista A. Defazio, Scott Richter, James Heaney, and Phillip Mazzucco, on behalf of themselves and others similarly situated, caused to be filed a complaint against each of RetroFitness, LLC; ABC Financial Services Company, Inc.; Z Times Three LLC d/b/a RetroFitness of Kenilworth; Britcarianna, LLC d/b/a RetroFitness Fairfield; PJ's Fitness Express, Inc. d/b/a RetroFitness of Bordentown; PRJ Holdings, LLC d/b/a/ RetroFitness of Wall; John/Janes Does 1-100; Defedant RetroFitness Franchises 1-75 and XYZ Corporations 1-10, captioned Ardino et als. v. RetroFitness, LLC, et als., Docket No. MID-L-362-14, in the Superior Court of the State of New Jersey, Law Division, Middlesex County.

<table>
<tr><td></td><td>LEWIS BRISBOIS BISGAARD & SMITH LLP</td></tr>
<tr><td>Dated: March 30, 2016</td><td>By: s/ Alexander G. Henlin<br>Alexander G. Henlin, Esq.<br>NJ Attorney ID No. 002362005<br>One International Place – 3rd Floor<br>Boston, Massachusetts 02110<br>(857) 313-3950 telephone<br>(857) 313-3951 facsimile<br>alexander.henlin@lewisbrisbois.com<br><br>*Attorneys for the Plaintiff*</td></tr>
</table>

4810-4595-5887.1